# In the United States Court of Federal Claims

No. 24-1018
Filed: February 28, 2025

| | |
|---|---|
| THADDIUS T. DORSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On July 1, 2024, plaintiff, Mr. Thaddius T. Dorsey, proceeding *pro se*, filed a complaint in this Court alleging breach of contract. *See* Complaint [hereinafter Compl.] at 1, ECF No. 1. Mr. Dorsey specifically alleges that Navy Federal Credit Union did not perform its obligation under a contract with Mr. Dorsey where Mr. Dorsey gave Navy Federal Credit Union "a collateral security in exchange for a credit card," but Navy Federal Credit Union did not give Mr. Dorsey the credit card. *Id.* Mr. Dorsey seeks relief of $45,000,000. *Id.* at 3.

On July 11, 2024, the Court ordered Mr. Dorsey to show cause as to why the Court should not dismiss for lack of jurisdiction given that Mr. Dorsey is suing a private entity rather than the United States. *See* Order to Show Cause at 1, ECF No. 6. Mr. Dorsey did not respond.

As mentioned in the Order to Show Cause, this Court only has jurisdiction over claims "against the United States." 28 U.S.C. § 1491(a)(1). Navy Federal Credit Union is a private entity that is not an agency of, owned by, or otherwise affiliated with, the United States. This Court therefore does not have subject-matter jurisdiction and must dismiss Mr. Dorsey's complaint. R. Ct. Fed. Cl. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff's Complaint is hereby **DISMISSED**, *sua sponte*, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims. The Clerk of Court is directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge